UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

                                Criminal No. 17-158 (JRT/BRT)

           Plaintiff,

v.                           **MEMORANDUM OPINION**
                                              **AND ORDER**

JOHN EDWIN KUHNEL,

           Defendant.

---

Erica H. MacDonald, United States Attorney, and Manda M. Sertich and Miranda Dugi, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Robert M. Paule, **ROBERT M. PAULE, PA**, 920 Second Avenue South, Suite 975, Minneapolis, MN 55402, for defendant.

Defendant John Kuhnel appeals the Magistrate Judge's order denying his Motion for Substitution of Counsel. Because the Court will conclude that the Magistrate Judge did not clearly err in finding that there is not a justifiable dissatisfaction with Kuhnel's attorney, the Court will affirm the Magistrate Judge's order.

## BACKGROUND

On July 11, 2017, the United States charged Kuhnel with two counts of Receipt of Child Pornography and one count of Possession of Child Pornography. (Indictment, July 11, 2017, Docket No. 14.) Kuhnel moved to suppress evidence obtained from a warrantless search of his car, which led to the recovery of a laptop containing child pornography. (*See*

Mot. to Suppress, Aug. 8, 2017, Docket No. 20.) The Court denied Kuhnel's motion. (Mem. Op. & Order at 11, Jan. 19, 2018, Docket No. 48.)

On March 19, 2018, Kuhnel moved for substitution of counsel, claiming that his attorney's representation was ineffective for numerous reasons. (Mot. for Substitution of Counsel at 2, Mar. 19, 2018, Docket No. 54 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). First, Kuhnel argued that his attorney had not requested a detention hearing. (*Id.* at 1.) Second, Kuhnel argued that his attorney failed to notify him about the nature of the suppression hearing and failed to adequately cross-examine a witness. (*Id.* at 1-2.) Third, Kuhnel alleged that his attorney did not communicate with him for five months after the suppression hearing. (*Id.* at 2.) Fourth and finally, Kuhnel argued that his attorney committed a variety of shortcomings in relation to the Memorandum in Support of the Motion to Suppress. (*Id.* at 2.)

United States Magistrate Judge Becky R. Thorson held a hearing on April 9, 2018, and issued an order denying Kuhnel's motion. (Order, Apr. 12, 2018, Docket No. 58; Minute Entry, April 9, 2018, Docket No. 56.) The Magistrate Judge concluded that Kuhnel had not shown a complete breakdown in communication warranting a finding of justifiable dissatisfaction. (Order at 2.) According to the Magistrate Judge, although Kuhnel did not hear from his attorney for over five months after the suppression hearing, Kuhnel had consulted with his attorney before the hearing and otherwise had made not efforts after the hearing to initiate contact with his attorney. (*Id.*) Regarding the remainder of Kuhnel's arguments, the Magistrate Judge concluded that Kuhnel merely disagreed with his

attorney's tactical decisions, and these disagreements did not permit a finding of complete breakdown in communication.  (*Id.* at 3.)

Kuhnel appeals the Magistrate Judge's Order.  (Pro Se Appeal, Apr. 25, 2018, Docket No. 59.)

## DISCUSSION

### I. STANDARD OF REVIEW

The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential.  *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  The Court will reverse such an order only if it is clearly erroneous or contrary to law.  Fed. R. Crim. P. 59(a); D. Minn. LR 72.2(a).

### II. SUBSTITUTION OF COUNSEL

The Court must decide whether the Magistrate Judge clearly erred in concluding that (1) there has not been a complete breakdown of communication between Kuhnel and his attorney and (2) Kuhnel's dissatisfaction is a mere disagreement with his counsel's tactical decisions.  The Court will affirm the Magistrate Judge's order denying Kuhnel's motion.

To succeed on a motion for substitution of counsel, a defendant must show "justifiable dissatisfaction," such as "a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant."  *United States v. Jones*, 795 F.3d 791, 796 (8th Cir. 2015) (quoting *United States v. Exson*, 328 F.3d

456, 460 (8th Cir. 2003)).  The Court must balance the need to ensure effective legal representation, the need to thwart dilatory tactics, and the reality that the defendant is unhappy with his counsel.  *Id.*  Absent specific complaints to the contrary, a lack of communication does not equate to a **complete** breakdown of communication.  *Id.* at 797; *United States v. Kelley*, 774 F.3d 434, 439 (8th Cir. 2014).  Additionally, "frustration with appointed counsel's performance or disagreement with counsel's tactical decisions is not justifiable dissatisfaction."  *United States v. Taylor*, 652 F.3d 905, 908 (8th Cir. 2011).

First, Kuhnel argues that the lack of communication with his attorney amounts to a complete breakdown in communication.  The Magistrate Judge found that Kuhnel's attorney consulted with him in advance of hearings, Kuhnel made no efforts to independently initiate contact with his attorney, and Kuhnel stated that better communications going forward were possible. (Order at 2.)  Kuhnel concedes that he stated that better communications going forward were possible but claims that the Magistrate Judge misunderstood his argument.  Kuhnel argues that he "meant that when going forward with a **new attorney** he would make a better effort initiating contact." (Appeal at 1 (emphasis added).)  Yet Kuhnel does not explain why he cannot initiate communication with his current attorney.  While the Court agrees that it is not Kuhnel's obligation to "hound his attorney" to communicate with him, (*id.*), the facts of this case show that Kuhnel's attorney has communicated with him when necessary, and Kuhnel had not previously made efforts to communicate with his attorney beyond what is necessary.  Going forward, the Court is confident that Kuhnel can – as he suggests – make a better effort to initiate contact with his attorney when he feels communication is necessary.

Second, Kuhnel argues that a finding of justifiable dissatisfaction is warranted because his attorney has made different tactical decisions than Kuhnel expected. Kuhnel argues that his attorney changed legal arguments after the suppression hearing without conferring with him. Kuhnel also suggests that his attorney did not present certain evidence at the suppression hearing that "could have made a significant difference in the outcome of the decision." (Appeal at 1.) He also complains that his attorney has not yet moved to reopen the detention decision. (*Id.* at 2.) However, all of these complaints relate to tactical decisions about legal arguments and presentation of evidence. Kuhnel's disagreement with his attorney's tactical decisions does not warrant a finding of communication breakdown. *See Taylor*, 652 F.3d at 908.

Accordingly, the Magistrate Judge did not clearly err in denying Kuhnel's Motion for Substitution of Council. The Court will affirm the Magistrate Judge's Order.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Appeal of the Magistrate Judge's Order [Docket No. 59] is **DENIED.**

DATED: June 12, 2018                  _____s/John R. Tunheim_____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                           Chief Judge
                                     United States District Court