**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  JOHN EDWIN KUHNEL  Defendant. | Criminal No. 17-158 (JRT/BRT)  **ORDER AFFIRMING MAGISTRATE JUDGE ORDER** |

Erica H. MacDonald, United States Attorney, and Manda Sertich, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Robert M. Paule, **ROBERT M. PAULE, PA**, 920 Second Avenue South, Suite 975, Minneapolis, MN 55402, for defendant.

Defendant John Edwin Kuhnel appeals United States Magistrate Judge Becky R. Thorson's Order denying his second pro se motion for substitution of counsel. (Objs., Aug. 6, 2018, Docket No. 73.) The facts underlying this case are set forth in the Court's previous Order. (Mem. Op. and Order at 1-2, June 12, 2018, Docket No. 64.) The Magistrate Judge denied Kuhnel's first motion for substitution of counsel, and the Court affirmed the denial. (*Id*. at 5.) On July 9, 2018, Kuhnel again moved to substitute counsel. (2d Mot. to Sub. Counsel, July 9 2018, Docket No. 68). The Magistrate Judge held a hearing on the motion. (Hr'g, July 24, 2018, Docket No. 71.) At the hearing, the Magistrate Judge conducted an *ex parte* examination of Kuhnel and his attorney. (Order at 1, July 25, 2018, Docket No.

72.) The Magistrate Judge concluded that Kuhnel and his attorney did not have an irreconcilable conflict or a complete breakdown in communication and that Kuhnel was not entitled to substitution of counsel. (*Id.* at 3.) Thus, the motion was denied. (*Id.* at 4.) Kuhnel appeals this denial on three grounds. First, Kuhnel objects to the Magistrate Judge's characterization of some of his proffered grounds for substitution as "frustration with performance or disagreement with counsel's tactical decisions." (Objs. at 1.) Second, Kuhnel objects to the Magistrate Judge's characterization of some of his proffered grounds for substitution as based on a breakdown in communication. (*Id.* at 1-2.) Finally, Kuhnel argues that he was denied a defended detention hearing. (*Id.* at 2-3.)

Because the Magistrate Judge did not clearly err in finding that Kuhnel is not entitled to substitution of counsel, the Court will deny Kuhnel's objections and affirm the Magistrate Judge's decision.

## DISCUSSION

**I.     STANDARD OF REVIEW**

The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential. *Reko v. Creative Promotions, Inc.*, 70 F.Supp. 2d 1005, 1007 (D. Minn. 1999). The Court will reverse such an order only if it is clearly erroneous or contrary to law. Fed. R. Crim. P. 59(a); D. Minn. LR 72.2(a).

## II.  SUBSTITUTION OF COUNSEL

The Court must decide whether the Magistrate Judge clearly erred in concluding that Kuhnel has not established an irreconcilable conflict or a complete breakdown in communication. The Court will affirm the Magistrate Judge's order denying Kuhnel's motion.

To succeed on a motion for substitution of counsel, a defendant must show "justifiable dissatisfaction," such as "a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant." *United States v. Jones*, 795 F.3d 791, 796 (8th Cir. 2015) (quoting *United States v. Exson*, 328 F.3d 456, 460 (8th Cir. 2003)). The Court must balance the need to ensure effective legal representation, the need to thwart dilatory tactics, and the reality that the defendant is unhappy with his counsel. *Id.* Additionally, "frustration with appointed counsel's performance or disagreement with counsel's tactical decisions is not justifiable dissatisfaction." *United States v. Taylor*, 652 F.3d 905, 908 (8th Cir. 2011).

### A.  Frustration with Counsel's Performance or Disagreement with Counsel's Tactical Strategy

First, the Magistrate Judge did not err in characterizing Kuhnel's arguments as frustration with counsel's performance or disagreement with counsel's tactics. Kuhnel speculates that his attorney made unauthorized changes to a memorandum of law because the attorney did not want to smear a parole officer's reputation, had too large of a case load and forgot some agreed upon strategies, and could not be impartial due to the severity of the charges against him. These allegations are entirely speculative. Indeed, Kuhnel

himself states that he "is perplexed" and "**believes**" that the reason for the change "could be one or multiple" of the stated reasons. (2d Mot. to Sub. at 3.) (emphasis added). The Magistrate Judge did not err in characterizing these allegations as frustration with counsel's performance or disagreement with a tactical decision, and the speculative nature of Kuhnel's allegations do not demonstrate unethical practice of law.

Second, the Magistrate Judge did not err in characterizing Kuhnel's allegation that counsel pressured him to sign a plea deal as further frustration with counsel's performance or disagreement with a tactical decision. Kuhnel argues that his attorney tried to shame him into accepting a plea deal. Kuhnel alleges that counsel presented him with several of the prosecutions plea offers, one of which had a 24-hour time limit. He also alleges that counsel explained to him the consequences of taking a straight plea. Certainly, Kuhnel may have "felt like his attorney was shaming him into taking the plea agreement," (Objs. at 3), but criminal defense attorneys have a duty to communicate plea offers to their clients. The actions of Kuhnel's counsel are not unethical, but rather the performance of his duties.

Third, the Magistrate Judge did not err in characterizing Kuhnel's allegations that his attorney fails to understand the complexity of his charges and technology as frustration with performance. This complaint falls squarely under frustration with performance because Kuhnel complains about the **quality** of his counsel's advocacy. "The proper focus in evaluating claims of dissatisfaction with counsel is on the quality of advocacy." *Taylor*, 652 F.3d at 908 (quoting *Exson*, 328 F.3d at 460). While Kuhnel might be frustrated by his counsel's explanation or understanding of the charges or his understanding of technology, he has not alleged facts demonstrating that he and his counsel had an

irreconcilable conflict or a complete breakdown in communication, nor has he alleged facts that would show that these issues "interfere[ed] significantly with [his counsel's] ability to provide zealous representation." *Taylor*, 652 F.2d at 908 (quoting *United States v. Boone*, 437 F.3d 829, 839 (8th Cir. 2006)). As such, he has not demonstrated "justifiable dissatisfaction" with his counsel's performance, and the Magistrate Judge did not err in denying his motion.

The Magistrate Judge did not clearly err in concluding that Kuhnel's arguments were properly characterized as frustration with performance or disagreement with strategy.

### B. Complete Breakdown in Communication

Kuhnel argues that he did not move the court for substitution of counsel based on a complete breakdown in communication despite the Magistrate Judge's characterization of some of his arguments as such. ( Objs. at 2.) While the Magistrate Judge noted that Kuhnel complained about a breakdown in communication, she also noted that Kuhnel clarified that his allegations actually demonstrated an irreconcilable conflict. The Magistrate Judge then considered Kuhnel's argument as an irreconcilable conflict argument but ultimately concluded that no irreconcilable conflict existed.

Kuhnel also objects to the Magistrate Judge's finding that no irreconcilable conflict existed. This finding was not clear error. As noted by the Magistrate Judge, Kuhnel's counsel explained that he and Kuhnel met regularly to discuss strategy and that he had agreed to pursue a strategy suggested by Kuhnel. Based on this information, the Magistrate Judge did not clearly err in concluding that no irreconcilable conflict existed.

### C. Defended Detention Hearing

Lastly, the Magistrate Judge did not clearly err in finding that Kuhnel was not denied the right to a "defended detention hearing." Defendant waived the right to a detention hearing and reserved the right to reopen. (Order of Detention, July 11, 2017, Docket No. 13.) As Kuhnel himself acknowledged, the detention hearing was the first time Kuhnel communicated with his counsel, and he agreed to waive the right to a detention hearing so his attorney could have more time to create a proper release plan and argument. (2d Mot. to Sub. Counsel at 1.) Kuhnel alleges that he has since "confront[ed]" his counsel about counsel's failure to schedule a detention hearing but his counsel said he would not be let out "but still promised to give [Kuhnel] a hearing." (*Id.* at 2.) Based on these allegations, it does not appear that counsel has refused to give Kuhnel a hearing but rather has attempted to advise Kuhnel about the likely outcome of such a hearing. These allegations do not constitute justifiable dissatisfaction. Therefore, the Magistrate Judge did not clearly err in concluding that Kuhnel was not denied a defended detention hearing.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Appeal of the Magistrate Judge's Order [Docket No. 73] is **DENIED**.

DATED: September 5, 2018                   _____s/John R. Tunheim_____  
at Minneapolis, Minnesota.                     JOHN R. TUNHEIM  
                                                       Chief Judge  
                                            United States District Court