## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                                    Crim. No. 17-158 (JRT/BRT)

                    Plaintiff,

v.                                                                   **REPORT AND**
                                                                  **RECOMMENDATION**

John Edwin Kuhnel,

                    Defendant.

Manda M. Sertich, Esq., United States Attorney's Office, counsel for Plaintiff.

Glenn P. Bruder, Esq., Mitchell Bruder & Johnson, counsel for Defendant.

BECKY R. THORSON, United States Magistrate Judge.

       Defendant John Edward Kuhnel has been charged with one count of possessing

child pornography as a person previously convicted of sexually abusing a minor. (Doc.

No. 1, Criminal Complaint); *see* 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2). Now before the

Court is Defendant's *pro se* Motion for Release and Dismissal. (Doc. No. 80.) Defendant

argues that this matter should be dismissed with prejudice because the Speedy Trial Act

has been violated. (*See id.*); 18 U.S.C. § 3161. The District Court referred this motion for

a Report and Recommendation on September 24, 2018. (Doc. No. 83.) This Court issued

a briefing order on October 2, and then an amended briefing order on October 16, 2018.

(Doc. Nos. 85, 88.) The Government responded to Defendant's motion on October 9, and

the Defendant, through counsel,[1] filed a reply in support of the motion on October 22, 2018. (Doc. Nos. 86, 90.) Based on the files, records, and proceedings herein,[2] this Court recommends that Defendant's motion be denied.

## DISCUSSION

### I.    Speedy Trial Act

The Speedy Trial Act ("STA") provides as follows:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within *seventy days* from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent.

---

[1]    Chief Judge Tunheim released Defendant's previous counsel from representing Defendant at a status conference held on September 19, 2018. (Doc. No. 81.) On October 2, 2018, Judge Tunheim appointed Glenn P. Bruder as counsel for Defendant. (Doc. No. 84.)

[2]    According to Defendant's new counsel, Defendant drafted his own reply brief which he instructed counsel to file. (*See* Doc. No. 89.) Counsel informed Defendant that he was "ethically prohibited" from passing off work product as his own and "had additional obligations as an attorney with respect to the substance of the material [he] filed with the Court." (*Id.*, Certificate of Counsel ¶ 4.) Defendant's counsel did, however, file Defendant's reply as an exhibit so the Court "could give the Defendant's explanation of his motion whatever weight it felt appropriate." (*Id.* ¶ 5.) A litigant has no constitutional or statutory right to simultaneously proceed *pro se* and with benefit of counsel, and courts are not obliged to consider *pro se* submissions filed by a represented party. *See Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001). Nonetheless, this Court considered the reply drafted by Defendant in issuing its Report and Recommendation. (Doc. No. 89.) This Court also considered the *pro se* Motion for Release and Dismissal. (Doc. No. 80.)

18 U.S.C. § 3161(c)(1) (emphasis added). The seventy-day period is subject to several

exclusions. The following exclusions are relevant to the Court's analysis:

- "Any period of delay . . . resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D);

- "Any period of delay . . . reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H); and

- "Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

## II.    Analysis

The STA "requires a defendant's trial to commence within 70 days of the latter of

(1) the filing of the indictment or (2) the defendant's arraignment." *United States v.

Arrellano-Garcia*, 471 F.3d 897, 899 (8th Cir. 2006). The STA clock was therefore

eligible to start running when Defendant was arraigned on July 17, 2017. (Doc. No. 17.)[3]

The Government, however, filed a pretrial motion for discovery on July 17. (Doc.

No. 19.) This motion stopped the STA clock from starting. *See* § 3161(h)(1)(D).

Thereafter, more pretrial motions were filed, a hearing was held, briefs were submitted,

and the motions were under advisement before this Court and the District Court. The

STA excludes all time through the "prompt disposition" of those motions. *See id.*

"Prompt disposition" excludes "a maximum of 30 days from the point a motion is

---

[3]      Defendant was indicted six days earlier on July 11, 2017. (Doc. No. 14.)

actually taken under advisement." *United States v. Williams*, 557 F.3d 943, 952 (8th Cir. 2009); *see also* § 3161(h)(1)(H). "A motion is 'actually under advisement' when 'the court receives all the papers it reasonably expects.'" *United States v. Mentz*, 840 F.2d 315, 327 (6th Cir. 1988) (quoting *Henderson v. United States*, 476 U.S. 321, 326 (1986)).

As the court explained in *Mentz*, the language of §§ 3161(h)(1)(D) and (H), as interpreted by the Supreme Court in *Henderson*, distinguishes "between motions that require a hearing and those that do not." 840 F.2d at 326.

> If a motion requires a hearing, we look first to section 3161(h)(1)([D]),[4] which excludes all the time between the filing of the motion and the conclusion of the hearing on that motion. This exclusion of the time prior to the conclusion of the hearing is automatic. After the hearing, the district court may need additional time to receive supplemental filings from the parties for proper resolution of the motion. This time is also excluded. Once the hearing is concluded and the district court has received all the submissions, there must be 'prompt disposition' of the motion. This is where section 3161(h)(1)([H]) comes into play. That provision excludes a maximum of 30 days from the day the motion is 'actually under advisement' by the court.

> For motions that do not require a hearing, *Henderson* teaches that the time after the motion is filed, while the district court may be waiting for additional submissions from the parties, is automatically excluded. If no additional submissions are required, or they have been furnished to the court, section 3161(h)(1)([D]) requires 'prompt disposition.' Again, section 3161(h)(1)([H]) becomes applicable and excludes a maximum of 30 days once the motion is 'actually under advisement.'

> A motion is 'actually under advisement' when 'the court receives all the papers it reasonably expects . . . .' Thus, the 'under advisement' period will normally begin to run the day after the court has received additional submissions from the parties. If the court has not requested additional

---

[4]     At the time of the decision in *Mentz*, the language now set forth in §§ 3161(h)(1)(D) and (H) were in different subparts, but the language is identical.

filings, however, this period will normally begin on the day following the conclusion of the hearing on the motion.

*Id.* at 326–27.

As noted above, the Government filed a discovery motion on July 17, 2017. (Doc. No. 19.) On August 7, 2017, Defendant filed six motions, including a motion to suppress evidence seized without a warrant. (Doc. Nos. 20–25.) This Court held a hearing on those motions on September 14, 2017. (Doc. Nos. 31.) The Court took the Government's motion and Defendant's non-dispositive motions under advisement and issued an order the next day. (Doc. No. 32.) The Court required additional briefing on the motion to suppress, which was concluded on November 14, 2017. (Doc. No. 42.) This Court then issued a Report and Recommendation on the motion to suppress to the District Court on November 28, 2017. (Doc. No. 43.) At this point, no time had run on the STA clock because the Report and Recommendation was issued within the thirty-day "prompt disposition" period following the conclusion of briefing and the matter being taken under advisement on November 14, 2017.

The November 28, 2017 Report and Recommendation provided a seven-day objection period, with responses to objections due seven days thereafter. (*Id.* at 7.) Defendant objected to the Report and Recommendation on December 5, 2017, and the Government responded to Defendant's objection on December 11, 2017. (Doc. Nos. 44, 46.) Therefore, the motion to suppress was "under advisement" with the District Court on December 11, 2017, and the "prompt disposition" date was thirty days later on January 10, 2018. *See* § 3161(h)(1)(H). The District Court overruled the Defendant's objections

and adopted this Court's Report and Recommendation on January 19, 2018. (Doc. No.
48.) Therefore, the STA clock ran for **nine days** between **January 10, 2018,** and
**January 19, 2018.**

Three days later on January 22, 2018, the District Court noticed a change of plea
hearing for February 21, 2018. (Doc. No. 49.) Therefore, the STA clock ran for **three
days** between **January 19, 2018** and **January 22, 2018**. However, the notice of change
of plea once again stopped the STA clock. Defendant's request for a plea hearing is "a
'motion' within the meaning of [§ 3161(h)(1)(D)], leading simultaneously to the
conclusion that the ensuing delay is a pretrial motion-related delay governed by
subparagraph (D)." *United States v. Mallett*, 751 F.3d 907, 912 (8th Cir. 2014).
Defendant then changed his mind about pleading guilty, and on February 28, 2018, the
District Court set the matter for trial on April 18, 2018. (Doc. No. 52; *see also* Doc. No.
51 (requesting that sixty days be excluded from the Speedy Trial Act time computation
"because I am contemplating going to trial versus accepting a plea agreement. I want to
spend additional time with my attorney to understand the plea agreement and the
potential of appealing the suppression order").) As a result, the time between the
scheduled plea hearing (2/21/18) and the newly-scheduled trial date (4/18/18) is also
excluded from the STA clock. "Trial delay caused by a defendant's vacillation after
informing the government or the court that he would plead guilty is properly charged to
the defendant and excluded from the 70-day period." *United States v. Maynie*, 257 F.3d
908, 914 (8th Cir. 2014).

6

In addition to the foregoing exclusions, the District Court granted three motions to exclude time under the "ends of justice" exception. *See* § 3161(h)(7)(A).

- On February 28, 2018, the District Court ordered that the "time from February 27, 2018 through April 26, 2018 shall be excluded in computing the time within which the trial in this matter must commence under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A). The ends of justice will be served by continuing the trial date. This finding is based upon the Court's conclusion that the failure to grant such a continuance would unreasonably deny the parties a right to a fair and just hearing as set forth in the accompanying motion and referenced documents." (Doc. No. 52.) This continuance was made pursuant to Defendant's request for more time to consider the plea agreement. (*See* Doc. No. 51.)

- On April 27, 2018, the District Court continued the trial until July 23, 2018 "[i]n order to allow time for a forensic examination of a computer" because "the ends of justice served by the granting of such continuance outweigh the best interest of the public and the Defendant in a speedy trial." (Doc. No. 63.)[5]

- On June 27, 2018: "The trial scheduled for July 23, 2018, is hereby continued to September 17, 2018, at 9:00 a.m. In order to allow time for a forensic examination of a computer involved in this matter, and pursuant to 18 U.S.C. § 3161(B)(iv), the Court finds that the ends of justice served by the granting of such continuance outweigh the best interest of the public and the Defendant in a speedy trial." (Doc. No. 67.)

The combination of Defendant's notice of change of plea, subsequent decision not to plead guilty, and the District Court's ends of justice findings results in the exclusion of

---

[5]    The District Court cited 18 U.S.C. § 3161(B)(iv), which is one of the factors judges are directed to consider when considering whether to grant an ends of justice continuance. "Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(B)(iv).

January 22, 2018, through September 17, 2018 from the STA clock.[6] The STA clock is also tolled by the currently-pending motion to dismiss, docketed on September 20, 2018. *See United States v. Williams*, 557 F.3d 943, 951 (8th Cir. 2009) (stating that the statute "excludes 'delay resulting from *any* pretrial motion . . . .' Nowhere does the statute distinguish between pro se motions and motions filed by counsel.") (emphasis in original). Therefore, the STA clock ran for **three days** between **September 17, 2018** and **September 20, 2018**. In total, the STA clock has ran for a total of **fifteen days**, and the Speedy Trial Act has not been violated.

Defendant disagrees, arguing that he was coerced into supporting his prior counsel's motions to exclude time under the ends of justice exception. (Doc. No. 90, Def.'s Supp. Mem. 4.) Defendant says that he was left with little choice but to consent to the exclusions because he was told that his attorney needed additional time to prepare for trial. (*Id.*) Specifically, Defendant challenges the exclusion of time to conduct a forensic examination of his computer. (*Id.*) Defendant asserts that his attorney was not actually using the excluded time to conduct a forensic examination or otherwise prepare for trial, and he did nothing during the pendency of Defendant's motions to substitute counsel. (*Id.*

---

[6]    The Court also notes that Defendant filed motions to substitute counsel on March 19, 2018, July 9, 2018, and September 20, 2018. (Doc. Nos. 54, 69, 82.) These motions also constitute pretrial motions for purposes of excluding time. *See United States v. Murphy*, 241 F.3d 447, 456 (6th Cir. 2001) (time excluded where defendant filed motion for new attorney).

at 4, 6.)[7] The Court approved these repeated requests for delay, Defendant contends, as an accommodation to the attorneys rather than considering Defendant's speedy trial rights. (*Id.* at 5.) These arguments are unavailing.

First, while Defendant states that he was coerced into supporting the requests to exclude time, Defendant's consent is not required for a continuance under § 3161(h)(7)(A). *See United States v. Jones*, 795 F.3d 791, 798 (8th Cir. 2015); *see also United States v. Herbst*, 666 F.3d 504, 510 (8th Cir. 2012) ("[T]he plain language of section 3161(h)(7)(A) does not require a defendant's consent to the continuance if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.").

Second, the District Court's ends of justice findings were based on counsel's motions and supporting statements of fact stating that he needed more time to arrange for a forensic computer examination with an expert witness. (*See* Doc. No. 61 ("This request is based upon the fact that a forensic examination of a computer involved in this matter is being retained, and will require an estimated 45 days to be completed once the hard drive is provided to the defense expert witness/forensic examiner."); *see also* Doc. Nos. 62, 65, 66 ("I am still in the process of arranging for a forensic examination of a computer with an expert witness. Once the voucher is approved, the examiner will need an additional 60 days to complete the examination and report.").) These statements in the record were

---

[7]     It appears that the forensic examination did not occur during these periods of delay. (Def.'s Supp. Mem. 4 n.1.)

specifically referenced by the District Court in its orders granting the requests for continuance. (*See* Doc. No. 63 ("This finding is based on the facts set forth in the Motion to Exclude Time Under the Speedy Trial Act (Docket No. 61), and the Statement of Facts in Support of Exclusion of Time Under the Speedy Trial Act (Docket No. 62)."); *see also* Doc. No. 67.) The record therefore supports the District Court's finding that denying a continuance would deny counsel for the defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* § 3161(h)(7)(B)(iv); *see also United States v. Lucas*, 499 F.3d 769, 782 (8th Cir. 2007) ("The district court made explicit findings to support its ends of justice continuance."); *United States v. Lattany*, 982 F.2d 866, 879 (3d Cir. 1992) ("Although the district court may not merely incorporate by reference the reasons set out in the statute, it is not necessary for it to articulate facts which are obvious and are set forth in the motion for the continuance itself."). Counsel's apparent failure to secure a forensic examination, the stated reason for two of the continuances, does not retroactively undermine the District Court's findings, when they were made, that the ends of justice supported the continuances. Therefore, the ends of justice continuances are properly supported by the record and the time should be excluded from the STA clock.

## III.    Conclusion

This Court finds that the following periods of time are excluded from the 70-day STA clock:

- July 17, 2017 (arraignment) through January 10, 2018 (end of "prompt disposition" date for Defendant's Motion to Suppress);

10

- January 22, 2018 (notice of change of plea) through September 17, 2018 (expiration of third "ends of justice" continuance); and

- September 20, 2018 (filing of Defendant's *pro se* Motion for Release and Dismissal) to present.

Therefore, since only fifteen days count against the STA clock, Defendant's Motion to Dismiss should be denied.

## RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.    Defendant's *pro se* Motion for Release and Dismissal with Prejudice (Doc. No. 80) be **DENIED**.


Date: October 30, 2018                    *s/ Becky R. Thorson*_____
                                          BECKY R. THORSON
                                          United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen (14) days**. A party may respond to those objections within **fourteen (14) days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).