**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 17-158 (JRT/BRT) |
| Plaintiff, | |
| v. | |
| JOHN EDWIN KUHNEL, | **ORDER** |
| Defendant. | |

Erica H. MacDonald, United States Attorney, and Manda M. Sertich, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Glenn P. Bruder, **MITCHELL BRUDER & JOHNSON,** 7505 Metro Boulevard, Suite 325, Edina, MN 55439, for defendant.

Defendant John Kuhnel was indicted for receipt and possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), 2252(a)(4)(B) and 2252(b)(2). Kuhnel moves to dismiss the indictment and for release from custody, asserting that his rights under the Speedy Trial Act have been violated. Magistrate Judge Becky R. Thorson wrote a Report and Recommendation ("R&R") recommending that the Court deny the Motion. Kuhnel has now objected to the R&R. Because Kuhnel's speedy trial rights have not been violated, the Court will deny the objection and adopt the R&R.

**BACKGROUND**

**I.     Factual Background**

The facts relevant to Kuhnel's objection are not in dispute. Thus, the Court will summarize the pertinent facts and notes that a more extensive explanation of the procedural

history is provided in the R&R.  (*See* R&R, Oct. 30, 2018, Docket No. 91.)

Kuhnel was indicted on July 11, 2017.  (Indictment, July 11, 2017, Docket No. 14.) He has yet to be brought to trial.  His trial has been delayed because of various pre-trial motions filed by both the United States and Kuhnel, including several requests by Kuhnel's counsel to delay the trial and pro se motions by Kuhnel to replace his attorney.

At one point, Kuhnel had a trial date set for February 12, 2018.  (Amended Trial Notice, Dec. 18, 2017, Docket No. 47.)  On January 22, he requested a change of plea hearing at which he intended to plead guilty, and which was set for February 21.  (Notice, Jan. 22, 2018, Docket No. 49.)  Thus, his February 12 trial date was disregarded.  However, Kuhnel changed his mind before the plea hearing, and on February 27, requested a 60-day trial delay to further consider the plea agreement.  (1st Statement of Facts, Feb. 27, 2018, Docket No. 51.)  To facilitate this request, the Court moved the trial to **April 23**.  (1st Order Granting Mot., Feb. 28, 2018, Docket No. 52.)

On March 19, Kuhnel filed a pro se motion to replace his attorney, citing a deteriorating relationship.  (1st Pro Se Mot., Mar. 19, 2018, Docket No. 54.)  Because a hearing on the motion was needed, Kuhnel's trial was rescheduled to **May 21**.  (Trial Notice, Mar. 21, 2018, Docket No. 53.)  His motion was eventually denied by the Magistrate Judge on April 12, 2018, and he objected to that decision on April 25.  (Pro Se Appeal, Apr. 25, 2018, Docket No. 59.)  Also on April 25, Kuhnel requested a 90-day delay of trial in order to arrange a forensic examination of his computer.  (2d Statement of Facts, Apr. 25, 2018, Docket No. 62.)  His request was granted, and his trial moved to **July 23**. (2d Order Granting Mot., Apr. 27, 2018, Docket No. 63.)  On June 12, the Court denied

his objection to the Magistrate Judge's order. (Mem. Opinion and Order, June 12, 2018, Docket No. 64.)

Despite his request for an extension of trial to conduct a forensic examination, Kuhnel's attorney had not yet arranged one. Thus, on June 18, nearly two months after the original request, he requested another 90 days for the same purpose, and his trial was moved to **September 17**. (3rd Order Granting Mot., June 27, 2018, Docket No. 67.)

On July 9, Kuhnel filed a second pro se motion to replace his counsel. (2d Pro Se Mot., July 9, 2018, Docket No. 68.) The Magistrate Judge denied this request, Kuhnel again objected to the denial, and the Court affirmed it September 5. (Order, Sept. 5, 2018, Docket No. 75.)

On September 11, Kuhnel's counsel, for a third time, moved to delay trial an additional 90 days, but this time the request was not signed or supported by Kuhnel. (Mot. to Exclude Time, Sept. 11, 2018, Docket No. 77.) Kuhnel's counsel requested the delay because "the time required for the court to rule" on Kuhnel's motions to replace his attorney "resulted in a delay on the part of counsel to adequately prepare" for trial. (*Id.*) In order to determine a viable way to move the case forward, the Court held a status conference on September 19. At the status conference, the Court released Kuhnel's counsel from the case and denied his motion for an extension of time as moot. (Minutes, Sept. 19, 2018, Docket No. 81.)

II. **Procedural Background**

On September 20, Kuhnel filed a pro se motion to dismiss his indictment, arguing that his speedy trial rights had been violated. (Pro Se Mot. for Release, Sept. 20, 2018,

-3-

Docket No. 80.) His new counsel, appointed on October 2, subsequently filed a memorandum in support of Kuhnel's pro se motion to dismiss. (Mem. in Supp., Oct. 22, 2018, Docket No. 90.) His new counsel also included a reply memorandum personally drafted by Kuhnel. (Reply to Response, Oct. 22, 2018, Docket No. 89.) Although Kuhnel's pro se arguments and those made by his counsel were slightly different, and although the Magistrate Judge was not obligated to consider Kuhnel's pro se supporting documents once he was represented, she considered all the arguments put forward. (R&R at 2, n. 2.) After doing so, the Magistrate Judge denied the Motion to Dismiss, finding that Kuhnel's speedy trial rights had not been violated because each of the prior motions and requests for extensions resulted in excludable time.

## DISCUSSION

### I. Standard of Review

A district court must make a de novo evaluation of those portions of an R&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *accord* D. Minn. LR 72.2(b).

Under the Speedy Trial Act, a federal criminal defendant must be brought to trial within seventy days of his indictment or arraignment, whichever comes later. 18 U.S.C. § 3161(c)(1). Certain days, however, may be excluded from the seventy-day calculation. *United States v. El–Alamin,* 574 F.3d 915, 922 (8th Cir. 2009). After these days are excluded, if the total number of non-excludable days exceeds seventy, then the district court must dismiss the indictment upon the defendant's motion. *United States v.*

*Yerkes,* 345 F.3d 558, 561 (8th Cir. 2003); 18 U.S.C. § 3162(a)(2). While the defendant has the burden of proof to support the motion, the government has the burden of showing excludable time under 18 U.S.C. § 3161(h)(3). 18 U.S.C. § 3162(a)(2).

One instance when the clock is tolled is "during delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *El–Alamin,* 574 F.3d at 922–23; *see also* 18 U.S.C. § 3161(h)(1)(D). "Both the date on which the motion was filed and the date on which the motion was decided are excluded under subparagraph (D)." *United States v. Bloate,* 655 F.3d 750, 753 n. 3 (8th Cir.2011) (internal quotation marks and citation omitted). The clock is also tolled for delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is under advisement by the court. 18 U.S.C. § 3161(h)(1)(H).

**II.    Analysis**

Kuhnel does not take issue with the Magistrate Judge's findings as they relate to the record. In fact, Kuhnel repeatedly acknowledges that the delays to this point have come in large part because of his prior counsel's extension requests and his own repeated motions to replace his counsel.[1] Kuhnel also does not object to the Magistrate Judge's speedy trial calculations.

---

[1] Kuhnel spends a considerable portion of his objection describing to the Court what he argued to the Magistrate Judge. This includes the argument that the Court should not have granted the extension requests that related to the forensic examination because Kuhnel's prior counsel failed to secure that examination. The Magistrate Judge denied this argument, stating that counsel's repeated failure to obtain the forensics test did not retroactively undermine the Court's

Instead, Kuhnel argues that the Magistrate Judge erred because she failed to consider "systemic failures which worked to undermine adherence to the Speedy Trial Act." (Obj. at 5, Nov. 8, 2018, Docket No. 92.) Specifically, he argues that the Court prematurely rescheduled the trial dates, requiring the extensions to be excluded from the speedy trial clock and causing his prior counsel to be unprepared for trial. He argues that instead of "continually setting and resetting trial dates . . . counsel and the Court could have simply awaited resolution of all pretrial motions . . . and only then set a trial date." (*Id.*) This, he argues, would have "assure[d] that a trial date was set only when it became realistic to do so" and would have allowed time to run on the speedy trial clock. (*Id.*)

This argument employs an extraordinary amount of hindsight. Kuhnel is essentially telling the Court that it should have known both that Kuhnel would file repeated requests to replace his counsel and that his counsel would fail to secure forensic examinations while awaiting the disposition of those requests. Only if the Court would have known these things would it have been proper, and practical, to withhold the rescheduling of trial dates.

For instance, when Kuhnel filed his first motion to replace counsel on March 19, his trial was rescheduled for May 21. This was more than enough time to hear the motion and handle any objections before trial. What the Court did not know at the time was that, while the motion to replace counsel was pending, Kuhnel's counsel would not seek out any

---

decision to grant the extensions. Kuhnel does not seem to raise this argument upon objection. Nevertheless, the Court agrees with the Magistrate Judge.

forensic examinations.[2] Likewise, when Kuhnel's counsel requested 90 additional days, trial was moved accordingly. This again constituted enough time for counsel to prepare without affording more time than necessary. However, the same process played out, with an unexpected delay coming in the form of Kuhnel's motions to replace.

Kuhnel argues that by "setting and then rescheduling a series of trial dates, the principles under the STA were either disregarded or fundamentally minimized." This can only be true if the Court had knowledge of what would actually transpire before it happened. Instead of disregarding the Speedy Trial Act, the Court repeatedly scheduled trial for the earliest possible date at which it could have been started, considering the information known at the time of scheduling. Instead of undermining Kuhnel's speedy trial rights, the Court actively adhered to the principles of the Speedy Trial Act by attempting to start his trial as early as was practicable.

---

[2] This is not to say that Kuhnel's counsel's failure to seek out forensic examinations during this period was incorrect. His counsel likely had very good reasons for waiting until decisions on the motions to replace before seeking out the examinations. Any strategic decisions made during this period had the potential to hinder any future counsel's strategic freedom, thereby negatively impacting Kuhnel.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Kuhnel's Motion to Dismiss Indictment [Docket No. 80] is **DENIED**.

2. Kuhnel's Motion for Release [Docket No. 80] is **DENIED.**

3. The Report and Recommendation dated October 30, 2018 [Docket No. 91] is **ADOPTED**.


DATED: December 19, 2018             _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                                       Chief Judge
                                        United States District Court