UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 17-158 (JRM/BRT) |
| Plaintiff, | |
| v. | |
| | **ORDER DENYING MOTION TO COMPEL** |
| JOHN EDWIN KUHNEL, | |
| Defendant. | |

Manda M. Sertich, Emily Polachek, Assistant United States Attorneys, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

John Edwin Kuhnel, OID #240886, Anoka County Jail, 325 East Jackson Street, Anoka, MN 55303, *pro se* defendant.

Defendant John Edwin Kuhnel was convicted of nine counts of receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) and two counts of possession in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) and 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).  (Order for Conviction, Feb. 27, 2020, Docket No. 295.)  On March 23, 2020, the United States Probation Office issued a Preliminary Presentence Investigation Report as required by Fed. R. Crim. P. 32.  (Mar. 23, 2020, Docket No. 305.) The report was disclosed to Kuhnel on March 25, 2020 as required by Fed. R. Crim. P. 32(e).  (*See* Certificate of Receipt and Compliance, March 30, 2020, Docket No. 310.)

On May 7, 2020 Kuhnel filed a motion requesting that (1) his sentencing hearing be moved from July 1, 2020 to October 1, 2020 due to COVID-19; (2) an extension from May 15, 2020 to June 15, 2020 for the filing of objections to the preliminary presentence report; and (3) "a copy of all information obtained" by the probation office "including the full attorney letters and exhibits that support all requested restitution." (Mot. for Ext. of Time and Request for Production of Documents, Docket No. 326.)  The Court granted the request for the extension of time via a text-only Order on May 15, 2020.  (Docket No. 330.)  The United States also provided Kuhnel with the documents pertaining to restitution requests on May 18, 2020.  (Letter, Docket No. 332.)  The Court did not otherwise act on Kuhnel's request for nonspecific information.

On June 3, 2020 Kuhnel filed a Motion to Compel Discovery, seeking "material evidence used to prepare the probation officers Presentence Report in accordance to Fed. R. Crim. P. 32(h) notice requirement."  (Docket No. 333.)  Kuhnel argues that the preliminary report compiled by the probation office "includes factual information that the defendant has no way to evaluate – let alone contest – whether the probation officer fairly and accurately summarized the information in the PSR."  (*Id.* ¶ 5.)  Kuhnel again appears to be concerned about evaluating the requests for restitution, but also specifically requests "VA Medical Center reports, Project Pathfinder reports, Sherburne County reports, previous felony conviction reports, and the full attorney letters and exhibits that support all requested restitution."  (*Id.* at 3.)

The Court will deny Kuhnel's request.  Rule 32(e) requires that the presentence investigation report be disclosed to the defendant but does not broaden the scope of the disclosure beyond the report itself.  Fed. R. Crim. P. 32(e) ("The probation officer must give the presentence report to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing unless the defendant waives this minimum period.")  Upon disclosure of the report, the defendant has 14 days to lodge objections, the probation officer may then meet with the parties to address the objections, investigate further, and potentially amend the report.  *See* Fed. R. Crim. P. 32(f).  Because the preliminary report has been disclosed to Kuhnel, nothing more is required at this time.

Indeed, the cases Kuhnel cites for support, while non-binding, require only the disclosure of the presentence report itself.  *See, e.g.*, *United States v. Baldrich*, 471 F.3d 1110, 1114–15 (9th Cir. 2006) ("We have determined that all of the facts in the confidential sentencing recommendation were discussed in the presentence report or in open court at the sentencing hearing" and non-disclosure of the confidential sentencing recommendation "did not violate Rule 32 or [defendant's] due process rights").

Accordingly, the Court will deny Kuhnel's motion to compel.  If Kuhnel believes anything in the report is inaccurate, he should say so when he files his objections and follow the regular process as outlined by Rule 32.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants Motion to Compel Discovery [Docket No. 333] is **DENIED.**

DATED:  June 5, 2020                      _____s/John R. Tunheim_____
in Minneapolis, Minnesota at 1:40PM           JOHN R. TUNHEIM
                                                      Chief Judge
                                      United States District Court