UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 17-158 (JRM/BRT) |
| Plaintiff, | |
| v. | |
| | **MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S POST-JUDGMENT MOTIONS** |
| JOHN EDWIN KUHNEL, | |
| Defendant. | |

Manda M. Sertich, Emily Polachek, Assistant United States Attorneys, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

John Edwin Kuhnel, OID #240886, Anoka County Jail, 325 East Jackson Street, Anoka, MN 55303, *pro se* defendant.

Defendant John Edwin Kuhnel was convicted of nine counts of receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) and two counts of possession in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) and 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). (Findings of Fact, Conclusions of Law, and Order for Conviction, Feb. 27, 2020, Docket No. 295.) On March 19, 2020, Kuhnel filed a Motion for a Judgment of Acquittal or, in the Alternative, a New Trial, pursuant to Federal Rule of Criminal Procedure 33(b)(2), (Docket No. 298), and a Motion for a Franks Hearing, (Docket No. 299.)

Because Kuhnel has failed to show that a miscarriage of justice will occur if his conviction stands, the Court will deny Kuhnel's Motion under Rule 33. Additionally, because the Court will find that Kuhnel has failed to make a substantial preliminary showing that a *Franks* hearing is warranted, the Court will deny Kuhnel's Motion for a *Franks* Hearing.

## DISCUSSION[1]

### I. MOTION FOR ACQUITTAL OR NEW TRIAL

Kuhnel moves pursuant to Rule 33 for the entry of a judgment of acquittal or, in the alternative, a new trial. Rule 33 is titled "New Trial" and allows the Court to, "upon the defendant's motion . . . vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. "If the case was tried without a jury, the court may take additional testimony and enter a new judgment." *Id.* To be granted a new trial under Rule 33, Kuhnel must show a "miscarriage of justice will occur" if the order for conviction is allowed to stand. *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002).

Kuhnel appears to argue that acquittal or a new trial is warranted because (1) the Court erred in denying his pre-trial motion to reconsider its prior denial of his motion to

---

[1] For a factual background, see the Findings of Fact, Conclusions of Law, and Order for Conviction issued by the Court after Kuhnel's bench trial on Feb. 27, 2020. (Docket No. 295.)

suppress; (2) he received ineffective assistance of counsel from his prior attorney Robert Paule; and (3) he was not afforded sufficient time or resources to draft his motion for reconsideration.

### A. Prior Denial of Motion to Reconsider

The Court finds no error in its denial of Kuhnel's pre-trial motion to reconsider denying the suppression of evidence.  The issues Kuhnel now raises with the search, including whether he was subject to conditions of release at the time the search was conducted, whether his prior representation was constitutionally deficient, and the credibility of Probation Officer Brian James, have been fully litigated.  *See United States v. Kuhnel*, Crim. No. 17-158 (JRM/BRT), 2019 WL 6769417, at *8–9 (D. Minn. Dec. 12, 2019) (denying motion to reconsider based on alleged inconsistent statements by Office James and ineffective assistance of counsel); *United States v. Kuhnel*, Crim. No. 17-158 (JRT/BRT), 2017 WL 8944016, at *1, 4–6 (D. Minn. Nov. 28, 2017), *report and recommendation adopted*, 2018 WL 481805 (D. Minn. Jan. 19, 2018) (denying motion to suppress and finding that Kuhnel was subject to conditions of release at the time of the search).[2]  As before, the Court again finds no error in the denial of Kuhnel's motion to

---

[2] *See also* (Hr'g Tr. at 14:8–21:10; 48:1–67:13, Sept. 28, 2017, Docket No. 35 (direct- and cross-examination discussing conditional and supervised release)).

suppress nor does it find error in the subsequent denial of Kuhnel's motion to reconsider the suppression decision. Accordingly, no "miscarriage of justice will occur" if Kuhnel's conviction stands based on the Court's denial of Kuhnel's motion to reconsider the suppression of evidence, and the Court will deny Kuhnel's Rule 33 Motion to the extent it relies on such arguments. *Campos*, 306 F.3d at 579 (8th Cir. 2002).

### B. Ineffective Assistance of Counsel

"To prove ineffective assistance of counsel, [a defendant] must show (1) his attorney's performance fell below an objective standard of reasonableness, and (2) a reasonable probability that, but for that deficient performance, the result of the proceeding would have been different." *Love v. United States*, 949 F.3d 406, 409 (8th Cir. 2020).

It is not clear whether Kuhnel makes this argument separately or cabins it to his argument relating to the purported error in denying his motion to reconsider. That said, even if the Court were to assume that Kuhnel's former attorney, Robert Paule, provided deficient representation, Kuhnel's motion for ineffective assistance of counsel would still fail because Kuhnel has not shown a reasonable probability that, but for the deficient performance, the Court would have suppressed the evidence. *Love*, 949 F.3d at 409. Essentially, Kuhnel argues that if Paule had allowed Kuhnel to testify and had more vigorously challenged the idea that Kuhnel was subject to conditions of release at the time the search occurred, the Court would have suppressed the evidence. The Court has

-4-

considered Kuhnel's arguments regarding whether he was subject to conditions of release during the time of the search and concludes, again,[3] that he was.[4] And even if he was not, the Court also found that Kuhnel consented to the search. *See* 2018 WL 481805, at *5 (D. Minn. Jan. 19, 2018). The Court therefore finds that no "miscarriage of justice will occur" if Kuhnel's conviction stands. *Campos*, 306 F.3d at 579 (8th Cir. 2002).

Accordingly, the Court will deny Kuhnel's Rule 33 Motion on this ground.

### C. Insufficient Time to File

Kuhnel also appears to argue that he was prejudiced because he did not have enough time to use the resources provided to him by the Federal Defender's Officer to prepare his pre-trial motions. Like the argument regarding ineffective assistance, it is not clear whether Kuhnel makes this argument separately or cabins it to his argument relating to the purported error in denying his motion to reconsider. Irrespective of this, the Court has already considered and rejected this argument and will do so again. *See* 2019 WL 6769417, at *12 (D. Minn. Dec. 12, 2019) (noting that "Kuhnel, proceeding pro se, may

---

[3] *See, e.g.*, 2018 WL 481805, at *1 (D. Minn. Jan. 19, 2018) ("The same conditions applied to Kuhnel's supervised release and conditional release.").

[4] Kuhnel also continues to take issue with purported "inconsistent statements" made by Probation Officer Brian James. Kuhnel essentially challenges the credibility of Probation Officer James. The Court has already rejected this argument, 2019 WL 6769417, at *8 n.8, and nothing Kuhnel presents now alters the Court's conclusion.

not blame his delays on a lack of outside assistance, because it is clear to the Court that Kuhnel never lacked the 'minimal help necessary.'" (quoting *Bear v. Fayram*, 650 F.3d 1120, 1125 (8th Cir. 2011)).

### D. Conclusion on Kuhnel's Rule 33 Motion

In short, Kuhnel has failed to show a "miscarriage of justice will occur" if his conviction stands. *Campos*, 306 F.3d at 579 (8th Cir. 2002). Accordingly, the Court will deny Kuhnel's Rule 33 Motion for a Judgment of Acquittal or, in the Alternative, a New Trial pursuant to Rule 33.

## II. MOTION FOR *FRANKS* HEARING

Kuhnel also challenges, for the first time, the validity of the warrant issued to conduct a search for child pornography on his computer and requests a *Franks* hearing. *See Franks v. Delaware*, 438 U.S. 154 (1978).

Kuhnel would be entitled to a *Franks* hearing only after making "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [ ] the allegedly false statement is necessary to the finding of probable cause[.]" *United States v. Lucca*, 377 F.3d 927, 931 (8th Cir. 2004) (quoting *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978)). The standard is exacting, and Kuhnel must "point out specifically the portion of the warrant affidavit that is claimed to be false" and be supported by "[a]ffidavits or

sworn or otherwise reliable statements of witnesses." *Id.* (quoting *Franks*, 438 U.S. at 171). Because Kuhnel did not object to the validity of the warrant until now, the request is reviewed under the plain error standard; that is, Kuhnel must show that the warrant application contained such obvious materially false statements or omissions that the Court should have plainly noticed the error. *See United States v. Amaya*, 731 F.3d 761, 764 (8th Cir. 2013) (discussing application of the plain error standard).

On review, the Court finds that the warrant application contained no obviously false material statements or omissions. The inclusion of Kuhnel's prior unauthorized use of Craigslist to solicit sex for drugs and to role play rape and daddy-daughter sexual fantasies was not material to a finding of probable cause. Likewise, the changing of "work computer" in Officer James report to "work laptop" in the warrant application cannot be said to be a "reckless disregard for the truth" or material to a finding of probable cause. *Lucca*, 377 F.3d at 931. Accordingly, the Court finds that Kuhnel has failed to make the requisite substantial preliminary showing and will deny his Motion for a *Franks* Hearing.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motions for Judgment of Acquittal, or in the Alternative, a New Trial [Docket No. 298] and for a *Franks* Hearing [Docket No. 299] are **DENIED.**

-8-

DATED:  September 14, 2020
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court