UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 17-158 (JRT/BRT) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S POST-JUDGMENT MOTIONS** |
| JOHN EDWIN KUHNEL, | |
| Defendant. | |

Craig R. Baune, Emily Polacheck, and Manda M. Sertich, Assistant United States Attorneys, **OFFICE OF THE UNITED STATES ATTORNEY,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

John Edwin Kuhnel, OID #240886, Anoka County Jail, 325 East Jackson Street, Anoka, MN 55303, *pro se* Defendant.

Defendant John Edwin Kuhnel was convicted on nine counts of receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) and on two counts of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) and 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).  (Findings of Fact, Conclusions of Law, and Order for Conviction, Feb. 27, 2020, Docket No. 295.)  On September 14, 2020, Kuhnel filed a Motion for Acquittal, or in the Alternative, Vacatur [Docket No. 352] and a Motion for Continuance and Hearing [Docket No. 353].[1]  Because Kuhnel has failed to show that the

---

[1] Kuhnel previously filed a Motion for a Judgment of Acquittal or, in the Alternative, a New Trial, pursuant to Federal Rule of Criminal Procedure 33(b)(2) (Docket No. 298) and a Motion for a Franks Hearing (Docket No. 299)

evidence presented at trial was insufficient to sustain his convictions and because he has not demonstrated that the convictions for receipt of child pornography should be vacated, the Court will deny Kuhnel's Motion for Acquittal or Vacatur. The Court will also deny Kuhnel's Motion for Continuance.

## DISCUSSION[2]

### I.    MOTION FOR ACQUITTAL OR, IN THE ALTERNATIVE, VACATUR

**A. Motion for Acquittal**

Rule 29 of the Rules of Criminal Procedure permits the Court to enter a judgment of acquittal if the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29(a), (c). The standard for determining whether evidence is insufficient is very strict, requiring acquittal only where there is "no interpretation of the evidence" that would allow a reasonable jury or finder of fact to find the defendant "guilty beyond a reasonable doubt." *United States v. Gomez*, 165 F.3d. 650, 654 (8th Cir. 1999). In making this determination, the Court looks at the evidence "in the light most favorable to the government, drawing all reasonable inferences and resolving all evidentiary conflicts in favor of the . . . verdict." *United States v. Aponte*, 619 F.3d 799, 804 (8th Cir. 2010). "Reversal is warranted only if

---

on March 19, 2020. The Court denied these Motions on September 14, 2020. *See United States v. Kuhnel*, Crim. No. 17-158 (JRT/BRT), 2020 WL 5517491, slip op. (D. Minn., Sept. 14. 2020).

[2] For a factual background, see the Findings of Fact, Conclusions of Law, and Order for Conviction issued by the Court at the conclusion of Kuhnel's bench trial on February 27, 2020. (Docket No. 295).

no reasonable jury could have found guilt beyond a reasonable doubt." *United States v. Herbst*, 666 F.3d 504, 510 (8th Cir. 2012).

Kuhnel argues that he is entitled to acquittal on the basis of insufficient evidence. Kuhnel suggests that the United States has not proven beyond a reasonable doubt that he had the requisite knowledge for receipt of child pornography for Counts 1–9, because he downloaded files in mass downloads that included non-child pornography files as well. This issue has been thoroughly litigated.[3] The United States presented evidence at trial that Kuhnel subscribed to newsgroups devoted to child pornography, deployed searches likely to produce child pornography hits, and downloaded and retained more than 33,000 child pornography files.

Based on the record and evidence, the Court concluded that the United States proved beyond a reasonable doubt that Kuhnel knew the received files charged in Counts 1–9 depicted minors engaged in sexually explicit conduct. Viewing the evidence in the light most favorable to the verdict, the Court finds that Kuhnel has not met his burden of demonstrating that the evidentiary record was insufficient to sustain the conviction. *Herbst*, 666 F.3d at 510.

---

[3] *See e.g. United States v. Kuhnel*, Crim. No. 17-158 (JRT/BRT), 2019 WL 6769417, at *10, 10 (D. Minn. Dec. 12, 2019); Def's Mot. Dismiss Counts 2–9, Crim. No. 17-158 (JRT/BRT), Docket No. 227; Findings of Fact at 18–26.

B. **Motion for Vacatur**[4]

Kuhnel alternatively moves the Court to vacate his conviction for receipt of child pornography under 18 U.S.C. 2252(a)(2) for Counts 1–9 and requests that he instead be sentenced for the lesser offense of possession of child pornography under 18 U.S.C. § 2252(a)(4)(B) for all counts. Kuhnel argues that sentencing him for both receipt and possession would be multiplicitous in violation of the Fifth Amendment's prohibition on double jeopardy.[5]

The Fifth Amendment's double jeopardy clause protects a defendant from "[m]ultiple punishments for the same criminal offense." *United States v. Muhlenbruch*, 634 F.3d 987, 1002 (8th Cir. 2011). To establish a double jeopardy violation, a defendant "must demonstrate that he was convicted of two offenses that are in law and fact the same offense." *United States v. Zavesky*, 839 F.3d 688, 695 (8th Cir. 2016). In support of his position, Kuhnel relies on *United States v. Morrissey*, 895 F.3d 541 (8th Cir. 2018), which

---

[4] The Court may vacate a conviction and grant a new trial under Rule 33, but Kuhnel must show a "miscarriage of justice will occur" if the order for conviction is allowed to stand. *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002). As explained by the Court in its September 14, 2020 Order, Kuhnel is not entitled to a vacated judgment or new trial under Rule 33. *United States v. Kuhnel*, Crim. No. 17-158 (JRT/BRT), 2020 WL 5517491, slip op. (D. Minn., Sept. 14. 2020).

[5] Kuhnel has previously raised similar arguments in relation to the charges against him. *See e.g.* Def's Mot. Dismiss and Release Based on An Insufficient Indictment, Crim. No. 17-158 (JRT/BRT), Docket No. 149; Def's Mot. Dismiss Counts 2–9, Crim. No. 17-158 (JRT/BRT), Docket No. 227. As the Court noted in its Order dated December 12, 2019, the receipt and possession charges against Kuhnel were not multiplicitous because the indictment relied on separate images or facts for each count. Further, the United States was required to prove different facts to obtain a conviction on each count. *United States v. Kuhnel*, Crim. No. 17-158 (JRT/BRT), 2019 WL 6769417, at *6–7, 10 (D. Minn. Dec. 12, 2019).

holds that juries must be instructed that they cannot convict a defendant for both greater and lesser offenses based upon the same facts. *Id.* at 548–49.

Kuhnel's convictions for receipt of child pornography under 18 U.S.C. §§ 2252(a)(2) and possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 18 U.S.C. §§ 2252A(a)(5)(B) were predicated on different facts, different images, and different standards. Accordingly, Kuhnel's convictions for receipt of child pornography (Counts 1–9) and possession of child pornography (Counts 10–11) constitute separate criminal offenses and pose no double jeopardy problem for sentencing. *U.S. v. Manning*, 738 F.3d 937, 946–47 (8th Cir. 2014).

### II.   MOTION FOR CONTINUANCE AND HEARING

Kuhnel separately moves for a continuance of his sentencing hearing to November 15, 2020. He further requests that the October hearing be used to address all pending post-trial motions. All post-trial motions have been resolved as of this ruling and per the Court's order of September 20, 2019, Kuhnel is not entitled to any further continuances (Order, Sept. 20, 2019, Docket No. 224). No further delay is warranted, and Kuhnel's Motion for Continuance of the sentencing hearing will be denied.

### CONCLUSION

Applying Rule 29 of the Rules of Criminal Procedure, Kuhnel has failed to show that he is entitled to acquittal based upon insufficient evidence to sustain his convictions . Kuhnel has also failed to demonstrate that the judgment for his conviction of receipt of

child pornography should be vacated based on Fifth Amendment double jeopardy protection or that sustaining the conviction will result in a miscarriage of justice. Kuhnel is entitled to no further continuances and all post-trial motions have been resolved. Accordingly, the Court will deny Kuhnel's Motions.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Acquittal, or in the Alternative Vacate [Docket No. 352] and Motion for Continuance and Hearing [Docket No. 353] are **DENIED**.

DATED: October 1, 2020　　　　　　　　　　　　　　　　　／s／ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Court