**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN EDWIN KUHNEL,<br><br>Defendant. | Crim. No. 17-158 (JRT/BRT)<br><br>**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REPRESENTATION, MOTION TO REDUCE SENTENCE, AND MOTION TO REMOVE NO-CONTACT ORDER** |

Craig R. Baune and Harry Jacobs, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

John Edwin Kuhnel, Reg. No. 21169-041, Federal Correctional Institution Pekin, Post Office Box 5000, Pekin, IL 61555, *pro se*.

In 2020, Defendant John Edwin Kuhnel was convicted on nine counts of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) and on two counts of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) and 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).[1]  Kuhnel was sentenced to 204 months imprisonment, to be followed by 15 years of supervised release.[2]

---

[1] (Findings of Fact, Conclusions of Law, and Order for Conviction, Feb. 27, 2020, Docket No. 295.)  On July 19, 2022, Count 11 was vacated and the Judgment was amended to delete that count.  (*See* Order Amending J. and Vacating Conviction, July 19, 2022, Docket No. 391.)

[2] (Second Am. Sentencing J., July 22, 2022, Docket No. 393.)

On October 3, 2025, Kuhnel filed a Pro Se Motion Guidelines Amendment and Sentence Reduction, requesting a modification of his criminal history category and a reduction in sentence (Docket No. 396), as well as a motion requesting appointment of counsel in connection with his sentence reduction motion (Docket No. 395). Kuhnel also filed a motion seeking to lift a no-contact order because the victim is no longer a minor (Docket No. 397). After careful review of Kuhnel's motions, the Court concludes that relief is not warranted. The Court will therefore deny each motion.

## DISCUSSION

### I. MOTION TO REDUCE SENTENCE

Kuhnel requests a reduced sentence, arguing that Amendment 821 of the United States Sentencing Guidelines would decrease his criminal history score and the resulting criminal history category.[3] (Pro Se Mot. Guideline Am. & Sentence Reduction, Oct. 3, 2025, Docket No. 396.) After Amendment 821, a defendant with seven or more criminal history points receives only one status point (instead of two) for "commit[ing] the instant offense while under any criminal justice sentence." *United States v. Youngman*, No. 24-1369, 2025 WL 1554929, at *1 n.2 (8th Cir. June 2, 2025).

---

[3] The Probation and Pretrial Services Office analyzed the applicability of Amendment 821 to Kuhnel's sentence and determined that Kuhnel was not eligible for a sentence reduction. (Letter to District Judge, Oct. 23, 2025, Docket No. 398). Moreover, the Office of the Federal Defender submitted a letter explaining that they did not intend to file any materials concerning Amendment 821 on Kuhnel's behalf. (Nov. 3, 2025, Docket No. 399.)

The Court has authority to reduce an offender's sentence after it is imposed if he or she was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

When Kuhnel was incarcerated for this offense, he received to two status points for committing the offense while under a criminal justice sentence (Second Degree Criminal Sexual Conduct, Hennepin County, Minnesota, CR-10-6587) pursuant to U.S.S.G. § 4A1.1(d) (now (e)). (*See* Presentence Investigation Report at 18, July 10, 2020, Docket No. 343.) Under the amended guidelines, he would receive only one point, reducing his criminal history score from 12 to 11. But this reduction does not change his criminal history category, which remains Category V. Because the amendment does not affect Kuhnel's guideline range, he is not entitled to a sentence reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B). Because the Court will deny Kuhnel's motion for a sentence reduction, the Court will deny his motion for representation as moot.

## II.     MOTION TO REMOVE NO-CONTACT ORDER

As part of Kuhnel's sentence, the Court imposed several special conditions of supervision, including a requirement that Kuhnel have no contact with victim A.K. (Second Am. Sentencing J. at 5.) Kuhnel filed this motion requesting that the no-contact order be lifted because this victim is no longer a minor. (Pro Se Motion to Remove No Contact, Oct. 3, 2025, Docket No. 397.) As part of Kuhnel's sentencing, the Court considered if and when Kuhnel should have contact with A.K., and the Court finds that no modification to the conditions put in place at that time is warranted. The Court will

therefore deny the motion.  During supervision, the supervising probation officer will be in a better position to determine whether to recommend that the condition be modified.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant John Edwin Kuhnel's Pro Se Motion for Representation [Docket No. 395] is **DENIED as moot**;

2. Defendant Kuhnel's Pro Se Motion Guideline Amendment and a Sentence Reduction [Docket No. 396] is **DENIED**; and

3. Defendant Kuhnel's Pro Se Motion to Remove No Contact [Docket No. 397] is **DENIED.**

DATED:  January 6, 2026                                                ___/s/ John R. Tunheim___
at Minneapolis, Minnesota.                                    JOHN R. TUNHEIM
                                                                                  United States District Judge